### J. A. SUMMERS ET AL. v. JOHN MIDDLETON ET. AL.

*Parties—Case stated.*—This was a suit by the heirs of W. S. to recover the value of certain personal property, the community property of W. S. in his lifetime and his wife, their mother. Subsequent to the death of W. S., their mother married one of the defendants, but she was not, as she should have been, made a party to this suit.

*Practice*—For this alone, however, the case would not be reversed, since it was for the plaintiff seeking to recover to see that the proper parties were joined; but for the additional reason disclosed by the evidence that plaintiffs have rights, and because the court instructed the jury in effect that this was a controversy over one-half the property, which may have misled the jury, and

because it is the policy of the law to avoid multiplicity of suits, the judgment must be reversed and the cause remanded.

Opinion by Winkler, J.—The appellants sue for certain personal property, or its value, and damages, which property they allege they are entitled to as the children and heirs of William Summers and his wife, N. J. Summers, and which they claim was community property of their parents, acquired by them during the time they lived together as husband and wife, and which they claim they have been illegally deprived of by the appellees.

To the petition of the appellants, who were plaintiffs in the county court, the appellees (defendants) filed a general demurrer and several special exceptions, two of which special exceptions, numbered *one* and *three*, were sustained, and the others were overruled.

Plaintiffs (appellants), by amended petition, attempted to cure the alleged defects in the original petition, pointed out by the exceptions thereto, which had been sustained. To the amended petition several exceptions were filed, which were overruled.

The appellees (defendants) answered by a general denial, and plead specially, as set out in the record.

The trial resulted in a verdict in favor of the defendants: Motion for new trial overruled, and appeal taken on an assignment of errors, which involves the rulings of the court on the pleadings, the charge of the court, and the sufficiency of the pleadings and evidence to support the verdict.

It is believed the amended petition meets substantially the objections pointed out by the exceptions thereto, which were sustained by the court, and that the original and amended petitions set forth facts by which the court could inquire into, and from the evidence ascertain, the amount and value of the property then on hand, and whether or not the children had remaining a sufficient amount to satisfy their share of their father's estate without interrupting the portion alleged to have gone into the hands of the defendants. The most serious objections to the judgment are upon the rulings of the court on the general demurrer to the original petition and the exceptions to the amended petition.

It appears from the original petition that the property involved is alleged to be community, belonging to the estate of the father, or father and mother, of the plaintiffs; that the father had died and the mother had contracted, some years after, a second matrimonial

union with one of the defendants, and that the mother is not a party to the suit; and in the second set of objections to the pleading of the plaintiffs it is objected that the plaintiffs, by the averments of their original and amended petitions, show that if they are entitled to anything, they are only entitled to one-half the property sued for; and from what we can gather from the subsequent proceedings, the charge of the court and the statement of facts, it would seem that this was the view taken by the court on the trial, but without, so far as we can see from the record, any pleading to show who was entitled to have the other half; yet there is in the second enough to show *prima facie* that the surviving spouse of William Simmons was the person so entitled, and that she, if not an indispensibly necessary party, that she was a proper party to the suit and interested in its result, and the parties having failed to cause her to be made a party, the court, of its own motion, might, with propriety, have required it to be done.

Inasmuch as it was the business of the plaintiffs to see that the proper parties were before the court, we would not feel called upon to reverse the judgment on this account, alone, it being in favor of the other party ; but for the additional reasons that, agreeably to the evidence as we find it embodied in the statement of facts, the appellants have rights in the property involved, and because the justice of the case has not been attained, and from the further fact that the court instructed the jury in effect that the suit was a controversy as to one-half the property, by all of which the jury may have been misled; and for the further reason that it is the policy of the law that the rights of the parties should be definitely settled, and a multiplicity of suits avoided, the judgment will be reversed and the cause remanded, that the plaintiffs may have an opportunity to make parties to the record all persons shown to be interested in or to be affected by the suit, and that each party may set up the equities of the case and the rights of all concerned under the law, and, if need be, that some one be duly qualified to take charge of the property interest of the minors so far as they are concerned. The judgment of the county court is reversed and the cause remanded.